Raagini Shah (SBN 268022)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile:  +1 213 457 8080
Email:  rshah@reedsmith.com

Attorneys for Defendant
DISCOVER PRODUCTS INC.
(erroneously sued as "Discover Financial Services")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE LUIZ COSTA SOARES,<br><br>Plaintiff,<br><br>vs.<br><br>DISCOVER FINANCIAL SERVICES,<br><br>Defendant. | Case No. 2:19-CV-1171<br><br>[Removal From Superior Court Of California, County of Los Angeles, Case No. 19STCV00988]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**<br><br>[Diversity of Citizenship]<br><br>[Filed concurrently with Civil Cover Sheet; Notice of Interested Parties] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Discover Products Inc. improperly sued as Discover Financial Services[1] ("Discover"), hereby removes to this Court the state court action described below.  This case is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332, and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

---

[1] Discover Financial Services is a holding corporation and does not service credit accounts with customers.  The proper servicing entity is Discover Products Inc.

– 1 –
NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)

In compliance with 28 U.S.C. § 1446(a), Discover asserts the following grounds for removal:

1. On or about January 17, 2019, Plaintiff Andrew Luiz Costa Soares ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Andrew Luiz Costa Soares v. Discover Financial Services.*, at Case No. 19STCV00988 (hereinafter the "State Court Action"). A true and correct copy of the Complaint in the State Court Action is attached hereto as **Exhibit A**.[2]

2. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this is an action between citizens of different states in which the amount in controversy exceeds $75,000. Discover has satisfied the procedural requirements for removal set forth in 28 U.S.C. § 1446. In filing this Notice of Removal, Discover reserves all defenses that it may assert in this action.

## I. REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP

### A. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

3. In order to qualify for diversity of citizenship jurisdiction, the named plaintiff's citizenships must be completely diverse from all of the named defendants' citizenship, excluding nominal, fraudulent and/or sham defendants. *See Grupo Dataflux v. Atlas Global Group, LP,* 541 U.S. 567, 571 (2004).

#### 1. PLAINTIFF'S CITIZENSHIP

4. According to the Complaint, Plaintiff "is an individual who is currently and was at all relevant times herein a resident of the State of California, County of Los Angeles, City of West Hollywood." Complaint at ¶ 1. For this reason, Plaintiff is considered a citizen of California for removal purposes. *See generally, Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut.*

---

[2] Exhibit A also includes all documents that were attached to the Complaint and served on Discover, including Plaintiff's Civil Case Cover Sheet, Summons, and Proof of Service.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation of residency by party in state court complaint "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Long v. Empire Today, LLC*, 2014 U.S. Dist. LEXIS 617, *4 (C.D. Cal. 2014) (place of residence provides "prima facie" case of domicile).

## 2.  DEFENDANT DISCOVER'S CITIZENSHIP

5. Pursuant to 28 U.S.C. § 1332, a corporation is a citizen of both the state where it is incorporated, and the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c).  Discover is a corporation that is incorporated in the state of Utah with its principal place of business in Utah.  Accordingly, Discover is a citizen of Utah.

6. Discover Financial Services is a corporation that is incorporated in the state of Delaware with its principal place of business in Illinois.[3]  Thus, although Discover maintains that Discover Financial Services was improperly named in the Complaint, for purposes of establishing diversity jurisdiction, Discover Financial Services is a citizen of Delaware and Illinois.

## B.  THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

6. In addition to diversity of citizenship, "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs …" 28 U.S.C. § 1332(a)(1).  In this case, Plaintiff alleges compensatory damages in the amount of $6,000,000 and general damages "in excess of $150,000."  *See* Complaint at Prayer for Relief, ¶ 1.  The amount in controversy is therefore clearly satisfied.

---

[3] A true and correct copy of page 1 of Discover's January 31, 2019 8-K filing with the SEC, which identifies Discover's principal place of business and state of incorporation, is attached hereto as **Exhibit B.**  The form is also available at https://investorrelations.discover.com/investor-relations/financials/sec-filings/sec-filings-details/default.aspx?FilingId=13183372.

## II. DISCOVER HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

7. The Superior Court of California for the County of Los Angeles is located within the Central District of California. Thus, the Central District of California is the proper venue for this removal because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8. Plaintiff filed the State Court Action on January 17, 2019, and, according to Plaintiff's proof of service, Plaintiff served the Summons and Complaint by mail on January 17, 2019. *See* Exhibit A at p. 10.

9. This Notice of Removal is timely in that it is being filed within thirty days of Discover's receipt of Plaintiff's initial pleading, which was the first time that Discover ascertained that the State Court Action was removable under federal law. *See* 28 U.S.C. 1446(b).

10. Pursuant to 28 U.S.C. Section 1446(a), copies of all process, pleadings and orders received by Discover in the State Court Action, including the Complaint, are filed and attached with this Notice of Removal.[4] Discover shall promptly serve Plaintiff with this Notice of Removal and promptly will file a copy of this Notice of Removal with the Clerk of the state court in which the removed action has been pending, pursuant to 28 U.S.C. Section 1446(d).

///

---

[4] All remaining State Court orders and filings that have been received by Discover are attached hereto as **Exhibit C.**

WHEREFORE, Defendant Discover Financial Services respectfully requests that this case be removed from the Superior Court of the State of California for the County of Los Angeles to this Court, pursuant to 28 U.S.C. §§ 1332 and 1441(b).

DATED: February 15, 2019                REED SMITH LLP

By: ____/s/  Raagini Shah____
Raagini Shah
Attorneys for Defendant
DISCOVER PRODUCTS INC.
(erroneously sued as "Discover Financial Services")